**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD.<br><br>      Plaintiff,<br><br>v.<br><br>CURTIS INTERNATIONAL LTD.<br>      Defendant. | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Seoul Semiconductor Co., Ltd. ("SSC"), for its complaint against Defendant Curtis International Ltd. ("Curtis"), alleges as follows:

**INTRODUCTION**

1. SSC brings this action against Curtis to seek remedies for Curtis's infringement of U.S. Patent Nos. 8,314,440 ("the '440 patent"), 7,964,943 ("the '943 patent"), 7,626,209 ("the '6209 patent"), 7,572,653 ("the '653 patent"), 6,942,731 ("the '731 patent"), 6,473,554 ("the '554 patent"), and 6,007,209 ("the '7209 patent") (together, "the Asserted Patents") through its use, sales, offers for sale, making, and importation of infringing LED televisions under the Proscan brand name, as detailed below.

**PARTIES**

2. Plaintiff SSC is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeongggi-do, Korea 425-851. SSC is the assignee of the entire right, title, and interest in each of the Asserted Patents.

1

3. Upon information and belief, Defendant Curtis is a corporation organized and existing under the laws of Canada, having its principal place of business at 315 Attwell Drive, Etobicoke, Ontario, Canada M9W 5C1.

## JURISDICTION AND VENUE

4. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Curtis. Upon information and belief, Curtis has significant contacts with this forum because Curtis manufactures (directly or indirectly through third-party manufacturers) and/or assembles infringing products that are and have been offered for sale, sold, and used in this District. For example, Curtis's infringing Proscan televisions are or have recently been sold or offered for sale at hhgregg on 1750 N. Federal Hwy., Ft. Lauderdale, FL 33305 and on 11825 S. Dixie Hwy., Miami, FL 33156, as well as at Kmart on 14091 SW 88th St., Miami, FL 33186. Upon information and belief, Curtis, directly and/or through its distribution network, places infringing products within the stream of commerce, with the knowledge and/or understanding that such infringing products will be sold in this District. Upon information and belief, Curtis has operated, conducted, engaged in, or carried on a business or business venture in this District and that the causes of action herein arise from these acts. Upon information and belief, Curtis has committed a tortious act within this District. Upon information and belief, Curtis has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Curtis will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Florida long-arm statute, Fla. Stat. § 48.193.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Upon information and belief, Defendant Curtis conducts substantial business directly and/or through third parties or agents in this District by selling and/or offering to sell the infringing products and/or by conducting other business in this District.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,314,440**

7. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

8. The '440 patent, titled "Light Emitting Diode Chip and Method of Fabricating the Same," was duly and lawfully issued on November 20, 2012. A true and correct copy of the '943 patent is attached to this Complaint as Exhibit 1.

9. SSC is the owner of all rights, title, and interest in the '440 patent, including the right to bring this suit for injunctive relief and damages.

10. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '440 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDED5066A-E and Proscan PLDED3273A LED televisions (the "'440 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a), (b), and (g).

11. Upon information and belief, the light emitting diode chips contained in the '440 Infringing Products are made by the methods claimed in the '440 patent. Upon information and belief, at least some of the light emitting diode chips are manufactured outside of the United States. Upon information and belief, the light emitting diode chips are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '440 Infringing Products.

12.     Curtis has had knowledge of SSC's patented technology, including the '440 patent, prior to the initiation of this action.  Specifically, Curtis has been aware of the '440 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC.  The letter explicitly identified the '440 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

13.     Upon information and belief, despite its knowledge of the '440 patent and its infringing activity, Curtis has been inducing infringement of the '440 patent, by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '440 Infringing Products in a manner that constitutes infringement of one or more claims of the '440 Patent.  For example, upon information and belief, Curtis is selling its '440 Infringing Products to its customers, retailers, and distributors.  Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '440 Infringing Products.  Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '440 patent by using, selling, offering for sale, and importing in the United States the '440 Infringing Products.  Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the '440 Infringing Products its customers, retailers, and distributors directly infringe the '440 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

14.     Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

15. SSC has been and continues to be damaged by Curtis's infringement of the '440 patent in an amount to be determined at trial.

16. Upon information and belief, Curtis's infringement of the '440 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

17. Curtis's infringement of the '440 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,964,943

18. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

19. The '943 patent, titled "Light Emitting Device," was duly and lawfully issued on June 21, 2011.  A true and correct copy of the '943 patent is attached to this Complaint as Exhibit 2.

20. SSC is the owner of all rights, title, and interest in the '943 patent, including the right to bring this suit for injunctive relief and damages.

21. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '943 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDED5066A-E, Proscan PLDED3273A, Proscan PLDVD3213A, Proscan PLDV321300, Proscan PLDED5030A-RK, and Proscan PLDED4016A LED televisions (the "'943 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a) and (b).

22. Curtis has had knowledge of SSC's patented technology, including the '943 patent, prior to the initiation of this action.  Specifically, Curtis has been aware of the '943 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from

5

SSC. The letter explicitly identified the '943 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

23. Upon information and belief, despite its knowledge of the '943 patent and its infringing activity, Curtis has been inducing infringement of the '943 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '943 Infringing Products in a manner that constitutes infringement of one or more claims of the '943 Patent. For example, upon information and belief, Curtis is selling its '943 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '943 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '943 patent by using, selling, offering for sale, and importing in the United States the '943 Infringing Products. Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the '943 Infringing Products its customers, retailers, and distributors directly infringe the '943 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

24. Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

25. SSC has been and continues to be damaged by Curtis's infringement of the '943 patent in an amount to be determined at trial.

26. Upon information and belief, Curtis's infringement of the '943 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

27. Upon information and belief, Curtis's infringement of the '943 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,626,209**

28. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

29. The '6209 patent, titled "Light Emitting Diode Having Active Region of Multi Quantum Well Structure," was duly and lawfully issued on December 1, 2009.  A true and correct copy of the '6209 patent is attached to this Complaint as Exhibit 3.

30. SSC is the owner of all rights, title, and interest in the '6209 patent, including the right to bring this suit for injunctive relief and damages.

31. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '6209 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDVD3213A, Proscan PLDV321300, and Proscan PLDED5030A-RK LED televisions (the "'6209 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a) and (b).

32. Curtis has had knowledge of SSC's patented technology, including the '6209 patent, prior to the initiation of this action.  Specifically, Curtis has been aware of the '6209 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC.  This letter explicitly identified the '6209 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

33. Upon information and belief, despite its knowledge of the '6209 patent and its infringing activity, Curtis has been inducing infringement of the '6209 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '6209 Infringing Products in a manner that constitutes infringement of one or more claims of the '6209 Patent. For example, upon information and belief, Curtis is selling its '6209 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '6209 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '6209 patent by using, selling, offering for sale, and importing in the United States the '6209 Infringing Products. Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the '6209 Infringing Products its customers, retailers, and distributors directly infringe the '6209 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

34. Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

35. SSC has been and continues to be damaged by Curtis's infringement of the '6209 patent in an amount to be determined at trial.

36. Upon information and belief, Curtis's infringement of the '6209 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

37. Upon information and belief, Curtis's infringement of the '6209 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,572,653

38. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

39. The '653 patent, titled "Method of Fabricating Light Emitting Diode," was duly and lawfully issued on August 11, 2009. A true and correct copy of the '653 patent is attached to this Complaint as Exhibit 4.

40. SSC is the owner of all rights, title, and interest in the '653 patent, including the right to bring this suit for injunctive relief and damages.

41. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '653 patent, including without limitation claim 11, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDED5066A-E, Proscan PLDED3273A, Proscan PLDVD3213A, Proscan PLDV321300, and Proscan PLDED5030A-RK LED televisions (the "'653 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(b) and (g).

42. Upon information and belief, the light emitting diodes contained in the '653 Infringing Products are made by the methods claimed in the '653 patent. Upon information and belief, at least some of the light emitting diodes are manufactured outside of the United States. Upon information and belief, the light emitting diodes are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '653 Infringing Products.

43. Curtis has had knowledge of SSC's patented technology, including the '653 patent, prior to the initiation of this action. Specifically, Curtis has been aware of the '653 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '653 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

44. Upon information and belief, despite its knowledge of the '653 patent and its infringing activity, Curtis has been inducing infringement of the '653 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '653 Infringing Products in a manner that constitutes infringement of one or more claims of the '653 Patent. For example, upon information and belief, Curtis is selling its '653 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '653 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '653 patent by using, selling, offering for sale, and importing in the United States the '653 Infringing Products. Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the '653 Infringing Products its customers, retailers, and distributors directly infringe the '653 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

45. Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

46. SSC has been and continues to be damaged by Curtis's infringement of the '653 patent in an amount to be determined at trial.

47. Upon information and belief, Curtis's infringement of the '653 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

48. Upon information and belief, Curtis's infringement of the '653 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

49.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,942,731

50. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

51. The '731 patent, titled "Method for Improving the Efficiency of Epitaxially Produced Quantum Dot Semiconductor Components," was duly and lawfully issued on September 13, 2005. A true and correct copy of the '731 patent is attached to this Complaint as Exhibit 5.

52. SSC is the owner of all rights, title, and interest in the '731 patent, including the right to bring this suit for injunctive relief and damages.

53. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '731 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDED5066A-E, Proscan PLDED3273A, Proscan PLDVD3213A, Proscan PLDV321300, and Proscan PLDED5030A-RK LED televisions (the "'731 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(b) and (g).

11

54. Upon information and belief, the semiconductor quantum dot components contained in the '731 Infringing Products are made by the methods claimed in the '731 patent. Upon information and belief, at least some of the semiconductor quantum dot components are manufactured outside of the United States. Upon information and belief, the semiconductor quantum dot components are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '731 Infringing Products.

55. Curtis has had knowledge of SSC's patented technology, including the '731 patent, prior to the initiation of this action. Specifically, Curtis has been aware of the '731 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '731 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

56. Upon information and belief, despite its knowledge of the '731 patent and its infringing activity, Curtis has been inducing infringement of the '731 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '731 Infringing Products in a manner that constitutes infringement of one or more claims of the '731 Patent. For example, upon information and belief, Curtis is selling its '731 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '731 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '731 patent by using, selling, offering for sale, and importing in the United States the '731 Infringing Products. Upon

information and belief, Curtis knows that by using, selling, offering for sale, and importing the '731 Infringing Products its customers, retailers, and distributors directly infringe the '731 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

57. Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

58. SSC has been and continues to be damaged by Curtis's infringement of the '731 patent in an amount to be determined at trial.

59. Upon information and belief, Curtis's infringement of the '731 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

60. Upon information and belief, Curtis's infringement of the '731 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,473,554**

61. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

62. The '554 patent, titled "Lighting Apparatus Having a Low Profile," was duly and lawfully issued on October 29, 2002. A true and correct copy of the '554 patent is attached to this Complaint as Exhibit 6.

63. SSC is the owner of all rights, title, and interest in the '554 patent, including the right to bring this suit for injunctive relief and damages.

64. Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '554 patent, including without limitation

13

claim 38, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Proscan PLDED3273A, Proscan PLDV321300, Proscan PLDED5030A-RK, and Proscan PLDED4016A LED televisions, including but not limited to those that contain lenses marked with the following markings: "AB21," "AB42," "AB100," "30V1," "K31," "R14," and "Q56" (the "'554 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a) and (b).

65.     Curtis has had knowledge of SSC's patented technology, including the '554 patent, prior to the initiation of this action. Specifically, Curtis has been aware of the '554 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. This letter explicitly identified the '554 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

66.     Upon information and belief, despite its knowledge of the '554 patent and its infringing activity, Curtis has been inducing infringement of the '554 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '554 Infringing Products in a manner that constitutes infringement of one or more claims of the '554 Patent. For example, upon information and belief, Curtis is selling its '554 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '554 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '554 patent by using, selling, offering for sale, and importing in the United States the '554 Infringing Products. Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the

14

'554 Infringing Products its customers, retailers, and distributors directly infringe the '554 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

67.     Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

68.     SSC has been and continues to be damaged by Curtis's infringement of the '554 patent in an amount to be determined at trial.

69.     Upon information and belief, Curtis's infringement of the '554 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

70.     Upon information and belief, Curtis's infringement of the '554 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,007,209**

71.      SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

72.     The '7209 patent, titled "Light Source for Backlighting," was duly and lawfully issued on December 28, 1999.  A true and correct copy of the '7209 patent is attached to this Complaint as Exhibit 7.

73.     SSC is the owner of all rights, title, and interest in the '7209 patent, including the right to bring this suit for injunctive relief and damages.

74.     Upon information and belief, Curtis has been and is currently directly infringing and inducing infringement of one or more claims of the '7209 patent, including without limitation claim 1, by making, using, offering for sale and selling in the United States, and by

15

importing into the United States, without authority, products, including without limitation the Proscan PLDED5066A-E, Proscan PLDED3273A, Proscan PLDVD3213A, Proscan PLDV321300, Proscan PLDED5030A-RK, and Proscan PLDED4016A LED televisions (the "'7209 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a), (b), and (g).

75. Upon information and belief, the backlights for flat panel displays contained in the '7209 Infringing Products are made by the methods claimed in the '7209 patent. Upon information and belief, at least some of the backlights for flat panel displays are manufactured outside of the United States. Upon information and belief, the backlights for flat panel displays are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '7209 Infringing Products.

76. Curtis has had knowledge of SSC's patented technology, including the '7209 patent, prior to the initiation of this action. Specifically, Curtis has been aware of the '7209 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '7209 patent, informed Curtis of its infringing activity, and requested that Curtis cease and desist any and all infringing activity.

77. Upon information and belief, despite its knowledge of the '7209 patent and its infringing activity, Curtis has been inducing infringement of the '7209 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors, such as Kmart and hhgregg, to use, sell, offer for sale, and import the '7209 Infringing Products in a manner that constitutes infringement of one or more claims of the '7209 Patent. For example, upon information and belief, Curtis is selling its '7209 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Curtis actively

16

entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '7209 Infringing Products. Upon information and belief, Curtis's customers, retailers, and distributors directly infringe the '7209 patent by using, selling, offering for sale, and importing in the United States the '7209 Infringing Products. Upon information and belief, Curtis knows that by using, selling, offering for sale, and importing the '7209 Infringing Products its customers, retailers, and distributors directly infringe the '7209 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

78.    Curtis's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Curtis's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

79.    SSC has been and continues to be damaged by Curtis's infringement of the '7209 patent in an amount to be determined at trial.

80.    Upon information and belief, Curtis's infringement of the '7209 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

81.    Upon information and belief, Curtis's infringement of the '7209 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, SSC prays for a judgment in favor of SSC and against Curtis as follows:

(a)    That Curtis has directly infringed each of the '440, '943, '6209, '653, '731, '554, and '7209 patents;

  (b) That Curtis has indirectly infringed each of the '440, '943, '6209, '653, '731, '554, and '7209 patents;

  (c) An order enjoining Curtis and each of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '440, '943, '6209, '653, '731, '554, and '7209 patents;

  (d) A full accounting for and an award of damages to SSC for Curtis's infringement of the '440, '943, '6209, '653, '731, '554, and '7209 patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

  (e) That Curtis's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that SSC is entitled to increased damages as provided by 35 U.S.C. § 284;

  (f) That this case is "exceptional" within the meaning of 35 U.S.C. § 285 entitling SSC to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

  (g) Such other and further equitable or legal relief as this Court deems proper.

### DEMAND FOR JURY TRIAL

SSC hereby demands trial by jury on all issues so triable.

DATED:   July 22, 2014                                  Respectfully submitted,

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**


*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Regan N. Kruse (Fla. Bar No. 84404)
rkruse@astidavis.com
1001 Brickell Bay Drive, Ninth Floor
Miami, Florida 33131
Tel:   (305) 372-8282
Fax:  (305) 372-8202

*Attorneys for Plaintiff*
*Seoul Semiconductor Co., Ltd.*

*Of Counsel:*

David C. Radulescu, Ph.D.*
Tigran Vardanian*
Robin M. Davis*
Michael D. Sadowitz*
Daniel Kesack*
RADULESCU LLP
136 Madison Ave., 5th Floor
Tel:   (646) 502-5950
Fax:  (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com
mike@radulescullp.com
daniel@radulescullp.com

*Pro hac vice to be filed