UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:14-CV-22729-CMA**

SEOUL SEMICONDUCTOR CO., LTD.

    Plaintiff,

v.

CURTIS INTERNATIONAL LTD.

    Defendant.

# JOINT SCHEDULING REPORT

Plaintiff Seoul Semiconductor Co., Ltd. ("SSC") and Defendant Curtis International Ltd. ("Curtis"), submit this Joint Scheduling Report pursuant to this Court's Order dated August 7, 2014 (Dkt. No. 16), Rule 16.1 of the Local Rules for the United States District Court for the Southern District of Florida, and Rule 26(f) of the Federal Rules of Civil Procedure.

**I.   Court Order and Local Rule 16.1(b) -- Joint Scheduling Report**

    **(A)   Likelihood of settlement:**

The parties are exploring the possibility of settlement and will continue to do so, but cannot gauge the likelihood of settlement at this time. The parties will participate in the Court Annexed Mediation required by this District's Local Rule 16.2.

    **(B)   The likelihood of appearance in the action of additional parties:**

The addition of parties in this action is unlikely at this time.

    **(C)   Proposed limits on the time:**

        *(i)   To join other parties and to amend the pleadings*

The parties disagree on the deadline to join other parties or to amend the pleadings. Plaintiff proposes November 21, 2014 and Defendant proposes September 8, 2015.

### (ii)  *To file and hear motions*

Should the Court desire to have claim construction briefing and/or hold a claim construction hearing, the parties agree that such procedures would be beneficial, but disagree on the dates for the various case events in the claim construction process.  Plaintiff proposes that opening claim construction briefs be simultaneously filed by both Plaintiff and Defendant on February 27, 2015, responsive claim construction briefs be simultaneously filed on March 20, 2015, and a claim construction hearing be held in April 2015, at the Court's convenience.  Defendant proposes opening claim construction briefs be simultaneously filed by both Plaintiff and Defendant on June 29, 2015, responsive claim construction briefs be simultaneously filed on July 20, 2015, and a claim construction hearing be held in August 2015, at the Court's convenience.

The parties disagree on the dates all dispositive motions, including summary judgment, and *Daubert* motions (including motions to strike expert opinion), should be filed.  Plaintiff proposes the deadline for filing such motions should be on or before September 30, 2015.  Defendant proposes such motions should be filed on or before March 7, 2016.  Similarly, the parties disagree on the dates by which all motions *in limine* shall be filed.  Plaintiff proposes this deadline be on or before November 16, 2015, whereas Defendant proposes April 25, 2016.

### (iii)  *To complete discovery*

The parties submit that discovery should not be limited beyond those limitations found in the Federal Rules of Civil Procedure.  Plaintiff submits that discovery in this case can be completed within 269 days from entry of the Scheduling Order and that the case will be ready for trial within 12 months from the date of the Scheduling Order.  Plaintiff believes that the number of parties (one plaintiff and one defendant) and the anticipated extent of written discovery and

depositions will not necessitate a year-long discovery period. Defendant disagrees and submits that the case, which includes claims of infringement as to seven (7) separate U.S. patents, should be treated as a complex case in which discovery shall be completed within 365 days from the date of the Scheduling Order.

The parties agree that each party may propound written discovery and may notice depositions, subject to any restrictions imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.  The parties will cooperate concerning the scheduling of all depositions.

The parties disagree on the date by which all fact discovery should be completed. Plaintiff proposes that all fact discovery be completed or before June 26, 2015 and that all expert witness discovery be concluded September 25, 2015. Defendant proposes that all fact discovery be completed by November 16, 2015 and that all expert witness discovery be concluded February 16, 2016.

The parties also disagree on the date by which opening and rebuttal expert reports should be served.  Plaintiffs propose that opening expert reports be served on or before July 31, 2015 and rebuttal expert reports be served on or before August 28, 2015. Defendant proposes that opening expert reports be served on or before December 28, 2015 and rebuttal expert reports by January 25, 2016.

> **(D)    A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment.**

The parties agree to cooperate with each other in an effort to formulate and simplify issues and eliminate frivolous claims or disputes.  The parties anticipate the filing of summary judgment motions but cannot specify a number at this time.

**(E)     The necessity or desirability of amendments to the pleadings.**

The parties do not foresee that any amendments to the pleadings in this case will be required, but reserve the right to do so as discovery proceeds.

**(F)     A discussion of possible admissions of fact; of possible stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence.**

The parties will endeavor to determine issues of fact to which there is no dispute and report the same to the Court. Further, the parties, in good faith, will attempt to stipulate as to the authenticity and admissibility of documents in both paper and electronic format and agree to limit the need for any advance ruling from the Court on questions of admissibility of evidence and agree to seek such advance rulings when necessary to avoid any undue delay at trial.

**(G)     Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The parties agree to cooperate to avoid unnecessary proof and cumulative evidence.

**(H)     Suggestions on the advisability of referring matters to a Magistrate Judge or Master.**

The parties do not oppose the referral of discovery disputes to a Magistrate Judge, but preserve their appellate rights with respect to any orders from the Magistrate Judge.

**(I)     A preliminary estimate of the time required for trial.**

The parties disagree on their estimates of the time required for trial. This disagreement over the appropriate trial track has caused the parties to disagree over the dates for most case events, as reflected in Section I(J) below. Plaintiff submits that the case can be tried as a "standard track" in 7-10 days depending on how the claims are simplified. Plaintiff expects that only a few claims from each asserted patent will be tried. Plaintiff further submits that the number of parties (one plaintiff and one defendant), anticipated number of expert and fact witnesses at trial, and estimated extent of discovery will not require more than 10 days of time

4

for trial. Defendant submits that, given the complexity presented by Plaintiff's allegations that Defendant has infringed "one or more claims" of seven (7) separate U.S. patents, or a total of 147 possible claims, the case should be placed on the "complex track" through discovery and allotted 11-12 days of trial at the outset. Defendant agrees with Plaintiff that the trial time required may be shorter if Plaintiff's claims are simplified and proposes that the trial time be reassessed once claim construction and fact discovery are complete.

**(J)     Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The parties agree to participate in mediation, as required by Local Rule 16.2 and are agreeable to holding at least two mediation conferences before a qualified mediator pursuant to Local Rule 16.2(b) on the dates indicated in the proposed schedule below, which includes a summary of the parties' proposed deadlines in the case.

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Case Event |
|---|---|---|
| October 24, 2014 | December 29, 2014 | Initial disclosures. |
| November 7, 2014 | January 26, 2015 | Deadline to serve preliminary infringement contentions |
| February 2, 2015 | (Same) | First mediation deadline |
| September 8, 2015 | (Same) | Deadline to join parties and amend pleadings. |
| December 5, 2014 | February 23, 2015 | Deadline to serve invalidity contentions. |
| January 5, 2015 | April 27, 2015 | Exchange claim terms for |

5

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Case Event |
|---|---|---|
| | | construction. |
| January 16, 2015 | May 11, 2015 | Exchange proposed claim constructions and extrinsic evidence. |
| January 30, 2015 | May 25, 2015 | File joint claim construction statement. |
| February 13, 2015 | June 8, 2015 | Complete claim construction discovery. |
| February 27, 2015 | June 29, 2015 | Opening claim construction briefs. |
| March 20, 2015 | July 20, 2015 | Responsive claim construction briefs. |
| April 2015, at the Court's convenience | August 2015, at the Court's convenience | Claim construction hearing. |
| June 26, 2015 | November 16, 2015 | Fact discovery shall be completed. |
| July 3, 2015 | November 23, 2015 | Second mediation deadline |
| Two Weeks After Claim Construction Order | (Same) | Deadline to serve amended infringement contentions. |
| Four Weeks After Claim Construction Order | (Same) | Deadline to serve amended invalidity contentions. |
| July 31, 2015 | December 28, 2015 | Parties shall exchange opening expert witness summaries and reports as required |

6

| **Plaintiff's Proposed Deadline** | **Defendant's Proposed Deadline** | **Case Event** |
|---|---|---|
| | | by Local Rule 16.1.K. |
| August 21, 2015 | January 19, 2016 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| August 28, 2015 | January 25, 2016 | Parties exchange rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. |
| September 25, 2015 | February 16, 2016 | Expert discovery shall be completed. |
| September 30, 2015 | March 7, 2016 | All summary judgment, *Daubert*, and other dispositive motions must be filed. |
| October 16, 2015 | April 1, 2016 | Joint Pretrial Stipulation must be filed. |
| October 30, 2015 | April 11, 2016 | Exhibit lists shall be exchanged. |
| November 16, 2015 | April 25, 2016 | All Pretrial Motions and Memoranda of Law must be filed. |
| November 30, 2015 | May 9, 2016 | Final Pretrial Conference before |

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Case Event |
|---|---|---|
| | | Judge Altonaga. |
| December 7, 2015 | May 16, 2016 | Beginning of Trial Period. |

**(K)     Any other information that may be helpful to the Court.**

*(i)     Disclosure of Electronically Stored Information (ESI)*

The parties submit that disclosure or discovery of electronically stored information ("ESI") be governed by the Federal Rules of Civil Procedure.  The parties shall confer and cooperate with each other to set reasonable limits on the amount of ESI to be produced, including limits on collection of emails and the possible use of reasonable search terms on limited numbers of custodians.

*(ii)     Format of Markman*

The Parties propose that the claim construction hearing shall consist of attorney argument and potentially expert testimony. To the extent that a party intends to rely upon extrinsic evidence, including expert testimony, that party will identify the extrinsic evidence at the time the party provides the construction for the identified claim terms. If a party intends to rely upon expert testimony, either live or by written submission, that party will provide a statement that complies with Fed. R. Civ. P. 26(a)(2) at the time of providing the party's construction for the identified terms. The party submitting the expert evidence shall make the expert available for deposition at a mutually agreeable time and place and with sufficient time before the deadline for completion of claim construction discovery. Any expert deposition taken in connection with claim construction discovery shall not exceed seven hours and shall not count against the party's allotment of deposition hours discussed below.

## II. Federal Rule of Civil Procedure 26(f)

In addition to satisfying the requirement of Local Rule 16.1, the parties set forth their positions on certain provisions governed by Fed. R. Civ. P. 26(f) below.

**(A)  Rule 26(f)(3)(E):  "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed."**

Subject to the exceptions set forth below, the parties agree to follow Rule 26.1 of the Local Rules for the United States District Court for the Southern District of Florida regarding limitations on discovery.

### *(i)  Fact Depositions*

Each party may take up to fifteen (15) fact depositions (these limits do not apply to third party depositions). Depositions, except as otherwise provided herein, agreed, or ordered by the Court shall each be limited to up to seven (7) hours per deposition. Each party shall be limited to a total of sixty (60) hours of Rule 30(b)(6) testimony taken, irrespective of how many persons are identified to testify pursuant to Rule 30(b)(6) and irrespective to any time that any witness testifies in their personal capacity. Each Rule 30(b)(6) notice counts as one deposition, pursuant to the Federal Rules. For depositions of witnesses requiring an English interpreter, the parties agree that every 1.5 hours of deposition time on the record shall be counted as one hour for the purpose of the time limit on individual depositions as well as the limit on Rule 30(b)(6) testimony referenced above. Notwithstanding the foregoing limitations on depositions, any party may request leave to take additional depositions for good cause shown.

### *(ii)  Deposition Location*

The parties agree that the parties (i.e., all Rule 30(b)(6) representatives), and their officers, directors, managing agents, and employees should be deposed in their country of residence, business, or employment, unless the parties agree otherwise.

*(iii)     Requests for Admission*

Each party may propound up to twenty-five (25) joint requests for admission. The foregoing limitations shall not apply to requests for admission relating to the authenticity, or publication dates of documents, provided, however, that the parties shall work in good faith to resolve any such disputes without recourse to requests for admission.

*(iv)     Expert Depositions*

With respect to expert depositions, a party shall be allowed to depose each expert that submits an opening or rebuttal expert report for a total of seven hours. If an expert submits both an opening and rebuttal report, a party shall be allowed to depose that expert for a total of eleven hours of time on the record. This expert deposition time limitation is not intended to include expert depositions in connection with claim construction. The opposing party to the claim construction position shall be entitled to depose that expert for up to seven hours, *see supra section I(K)(2)*.

*(v)     Privilege Logs*

Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created on or after the commencement of the action do not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log. The parties will negotiate a mutually agreeable time for the exchange of privilege logs. The Parties agree to meet and confer regarding other issues as to the scope, content, and exchange of privilege logs, including regarding categories of documents and information immune from discovery that the parties need not log. The Parties propose handling inadvertently

produced documents under terms specified in a protective order that the Parties will propose for entry by the Court.

    **(B)**     **Rule 26(f)(3)(F):**     **"any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)."**

The parties plan to discuss and jointly submit to the Court a proposed protective order regarding the handling of sensitive technical or commercial discovery materials produced by the parties in this action. The parties also request that the Court issue a scheduling order as detailed in the Joint Proposed Scheduling Order filed herewith.

Until such time as the Court enters a protective order in this matter, the parties agree that any documents designated by the producing party as "Confidential—Outside Attorneys' Eyes Only" shall be treated by the receiving party as Outside Attorneys' Eyes Only and shall not be used by the receiving party in any other proceeding. This interim protection is applicable to documents and information produced by third parties as well. In light of this agreement, the parties further agree that absence of a formal protective order entered in this case shall not be an excuse to withhold or delay production of documents or information.

**III.**     **Service of Documents**

The parties agree that communications between and among them, including correspondence, notifications required by any protective order, and service of documents filed under seal, may occur by email.

Dated: August 28, 2014

| **ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**<br>1001 Brickell Bay Drive, Ninth Floor<br>Miami, Florida 33131<br>Tel: (305) 372-8282<br>Fax: (305) 372-8202<br><br>By: /s/ *Edward M. Mullins*<br>　　Edward M. Mullins (Fla. Bar No. 863920)<br>　　emullins@astidavis.com<br>　　Regan N. Kruse (Fla. Bar No. 84404)<br>　　rkruse@astidavis.com<br><br>　　David C. Radulescu, Ph.D. (Pro hac vice)<br>　　Tigran Vardanian (Pro hac vice)<br>　　Robin M. Davis (Pro hac vice)<br>　　Michael D. Sadowitz (Pro hac vice)<br>　　RADULESCU LLP<br>　　136 Madison Ave., 5th Floor<br>　　Tel: (646) 502-5950<br>　　Fax: (646) 502-5959<br>　　david@radulescullp.com<br>　　tigran@radulescullp.com<br>　　robin@radulescullp.com<br>　　mike@radulescullp.com<br><br>***Attorneys for Plaintiff***<br>***Seoul Semiconductor Co., Ltd.*** | **MAYER BROWN LLP**<br><br>By: /s/ *Breanne Gilpatrick*<br>　　Breanne Gilpatrick (Fla. Bar No. 101092)<br>　　bgilpatrick@mayerbrown.com<br>　　1999 K Street NW<br>　　Washington, DC 20006<br>　　Tel: (202) 263-3850<br>　　Fax: (202) 762-5263<br><br>　　A. John P. Mancini*<br>　　Emily Nash*<br>　　1675 Broadway<br>　　New York, NY 10019<br>　　Tel: (212) 506-2500<br>　　Fax: (212) 262-1910<br>　　jmancini@mayerbrown.com<br>　　enash@mayerbrown.com<br><br>*\*Pro hac vice to be filed*<br><br>***Attorneys for Defendant Curtis International Ltd.*** |